**FORM B9I** (Chapter 13 Case) (12/12)                                                  Case Number **13−40627**

UNITED STATES BANKRUPTCY COURT District of Kansas (Topeka)

## Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines

The debtor(s) listed below filed a chapter 13 bankruptcy case on 5/22/13.
You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. **NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.**

**Creditors−Do not file this notice in connection with any proof of claim you submit to the court.
See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):

| | |
|---|---|
| **Mark Leslie Pica**<br>fdba MP Construction LLC<br>2745 SW Villa West Dr.<br>Apt. 1101<br>Topeka, KS 66614 | **Kelley Ann Pica**<br>7434 SW Ambassador Pl<br>Apt. 1101<br>Topeka, KS 66610−3005 |
| Case Number / Presiding Judge:<br>**13−40627 / Janice Miller Karlin** | Social Security/Taxpayer ID/Employer ID/Other Nos.:<br>**xxx−xx−3726** – **Mark Leslie Pica**<br>26−2111186<br>**xxx−xx−1588** – **Kelley Ann Pica** |
| Attorney for Debtor(s) (name and address):<br>Gary E. Hinck<br>512 SW 6th Ave Suite 100<br>Topeka, KS 66603−3150<br>Telephone number: (785) 267−7090 | Bankruptcy Trustee (name and address):<br>Jan Hamilton<br>507−9 SW Jackson<br>PO Box 3527<br>Topeka, KS 66601−3527<br>Telephone number: (785) 234−1551 |

### Meeting of Creditors
Date: **June 20, 2013**                                                    Time: **11:00 AM**
Location: **515 S. Kansas Ave., 4th Floor Suite 402, Topeka, KS 66603**

**All individual debtors are required to produce photo ID and proof of Social Security Number to the Trustee at this meeting. Non−lawyers SHOULD NOT bring cellular telephones, pagers, two−way radios, personal digital assistants, cameras, or other electronic communication devices to the courthouse.**

### Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:

#### Deadline to File a Proof of Claim:
For all creditors (except a governmental unit): **9/18/13**      For a governmental unit (except as otherwise provided in Fed. R. Bankr. P. 3002 (c)(1)): **11/19/13**

#### Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Claims" on the reverse side.

**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 8/19/13**

#### Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

### Filing of Plan, Hearing on Confirmation of Plan
The debtor has filed a plan. The plan or a summary of the plan is enclosed. The hearing on confirmation will be held:
Date: **7/24/13**, Time: **09:00 AM**, Location: **Frank Carlson US Courthouse, 444 SE Quincy Room 210, Topeka, KS 66683**

#### Objection to Plan
A plan is not effective unless approved by the bankruptcy court at a confirmation hearing.
**Objections to the plan shall be filed 10 days before the confirmation hearing.**

### Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor, the debtor's property, and certain codebtors. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

| | |
|---|---|
| **Address of the Bankruptcy Clerk's Office:**<br>240 US Courthouse<br>444 SE Quincy<br>Topeka, KS 66683<br>Telephone number: (785) 338−5910 | **For the Court:**<br>Hugh N. Zavadil, Acting<br>Clerk of the Bankruptcy Court |
| Hours Open: 9:00 AM − 4:00 PM Monday − Friday<br>Phone Hours: 9:30 AM − 3:30 PM Monday − Friday | Date: 5/23/13 |

# EXPLANATIONS

B9I (Official Form 9I) (12/12)

| | |
|---|---|
| Filing of Chapter 13 Bankruptcy Case | A bankruptcy case under Chapter 13 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by the debtor(s) listed on the front side, and an order for relief has been entered. Chapter 13 allows an individual with regular income and debts below a specified amount to adjust debts pursuant to a plan. A plan is not effective unless confirmed by the bankruptcy court. You may object to confirmation of the plan and appear at the confirmation hearing. A copy or summary of the plan, if not enclosed, will be sent to you later, and if the confirmation hearing is not indicated on the front of this notice, you will be sent notice of the confirmation hearing. The debtor will remain in possession of the debtor's property and may continue to operate the debtor's business, if any, unless the court orders otherwise. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions against the debtor and certain codebtors are listed in Bankruptcy Code § 362 and § 1301. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Claims | A Proof of Claim is a signed statement describing a creditor's claim. A Proof of Claim form (Official Form B 10) can be obtained at the United States Courts web site: (http://www.uscourts.gov/FormsAndFees/Forms/BankruptcyForms.aspx) or at any bankruptcy clerk's office. A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. If you do not file a Proof of Claim by the "Deadline to File a Proof of Claim" listed on the front side, you might not be paid any money on your claim from other assets in the bankruptcy case. To be paid you must file a Proof of Claim even if your claim is listed in the schedules filed by the debtor. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. **Filing Deadline for a Creditor with a Foreign Address:** The deadlines for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. *Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to a discharge under Bankruptcy Code § 1328(f), you must file a motion objecting to discharge in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 523(a)(2) or (4), you must file a complaint in the bankruptcy clerk's office by the same deadline. The bankruptcy clerk's office must receive the motion or the complaint and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors, even if the debtor's case is converted to chapter 7. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objection by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of property claimed as exempt, at the bankruptcy clerk's office. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

## Refer to Other Side for Important Deadlines and Notices

**D. Kan. LBR 6007.1 ABANDONMENT OF PROPERTY OF THE ESTATE**

When the clerk of the court provides the Notice of Bankruptcy Case, Meeting of Creditors and Deadlines, the Notice must contain a provision that within 60 days from the conclusion of the meeting of creditors held under § 341, the trustee may file notice of intended abandonment of any or all of the debtor's property in the estate as authorized by § 554 without further service on creditors or interested parties. Unless a creditor or interested party objects to abandonment within 75 days after the meeting of creditors held under § 341 concludes, the property subject to the intended abandonment will be deemed abandoned without further notice or order of the court.